IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JOHNNY THOMAS,** | CASE NO. 3:21 CV 2232 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **CHET BLANKENSHIP, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Johnny Thomas, an inmate in the Corrections Center of Northwest Ohio, filed this civil rights action under 42 U.S.C. §§ 1981 and 1983 against North Central Correctional Institution ("NCCI"), NCCI Corrections Officer Chet Blankenship, the Richland Correctional Institution ("RCI"), and Management and Training Corporation ("MTC"). (Doc. 1). Plaintiff alleges he was injured in motor vehicle collision during transport from NCCI to the Franklin Medical Center due to Blankenship's reckless driving. (Doc. 1, at 1-2). Plaintiff further alleges his injuries were exacerbated when he was assigned a top bunk and later fell off. *Id.* at 3. Because of these actions, as Plaintiff alleges, Defendants were negligent in carrying out their duties. *Id.*

Defendants have filed Motions to Dismiss. (Docs. 14, 18). Plaintiff has also filed a Motion for Leave to Supplement Complaint (Doc. 3). Additionally, Plaintiff has filed a Motion for Default Judgment (Doc. 4), to which Defendants replied by filing a Motion to Strike (Doc. 7)

and Plaintiff responded. (Doc. 10). Finally, Plaintiff filed a Motion for Leave to Supplement and Adequately Respond to Defendants' Motion to Strike. (Doc. 15).

For the reasons set forth below, Defendants' Motions to Dismiss are granted and all remaining motions are denied as moot.

## BACKGROUND

On January 7, 2020, NCCI Corrections Officer Chet Blankenship was driving Plaintiff to the Franklin Medical Center when Blankenship struck the rear of another vehicle. (Doc. 1, at 1). The Ohio State Highway Patrol cited Blankenship as the party at fault. *Id*. at 1-2. As a result of the collision, Plaintiff suffered injury to his hand and lower back. *Id*. at 2. Plaintiff was then taken to the Franklin Medical Center, where medical staff noted swelling in his hand. *Id*. Plaintiff has not indicated whether his injuries required further examination or treatment.

Plaintiff was assigned a top bunk at RCI despite informing officers he had been in a motor vehicle collision prior to his arrival. *Id*. at 3. Plaintiff filed several grievances regarding the bunk, alleging that having to jump down from the bunk hurt his hand and back. *Id*. at 2. Six months later, Plaintiff suffered further injury when he fell from his bunk after attempting to climb down. *Id*. at 3.

Plaintiff asserts Defendants were negligent in carrying out their duties and seeks $375,000.00 in damages for pain, suffering, and emotional distress. *Id.* at 3. Defendants argue Plaintiff's claims of negligence do not support a cause of action under 42 U.S.C. § 1983. (Doc. 14, at 5-6; Doc. 18, at 4-5). Defendants further argue this Court lacks subject matter jurisdiction to entertain a tort claim for negligence. (Doc. 14, at 5-6; Doc. 18, at 4-5). Defendants also assert that even if Plaintiff had alleged a viable claim under § 1983, NCCI, RCI, and MTC are not proper Defendants and they cannot be sued under a theory of *respondeat superior* liability. (Doc.

14, at 6-7; Doc. 18, at 6). Finally, Defendant MTC contends Plaintiff failed to allege any facts to suggest a basis for his claim under § 1981. (Doc. 18, at 3-4).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

The plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.

"[A] claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, without converting a Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## DISCUSSION

As an initial matter, Plaintiff's claims only assert negligence. *See generally* Doc. 1. Negligence is a tort claim that arises solely under state law. District courts only have subject matter jurisdiction over questions of state law where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. Here, the information supplied by Plaintiff suggests all parties are citizens of Ohio. *See* Doc. 1-4. Because Plaintiff has not demonstrated diversity of citizenship, this Court lacks subject matter jurisdiction over his negligence claims.

Plaintiff attempts to invoke federal question jurisdiction by citing to 42 U.S.C. §§ 1983 and 1981. (Doc. 1, at 1). To state a claim for relief under § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a federal constitutional right. *Parrat v. Taylor*, 451 U.S. 527, 535 (1981). Injury caused by negligence does not constitute a deprivation

of a constitutional right. *DeShaney v. Winnebago Cty. Dep't. of Soc. Servs.*, 489 U.S. 189, 201-02 (1989); *Lewellen v. Metrop. Gov't of Nashville*, 34 F.3d 345, 348 (6th Cir. 1994).

Plaintiff further argues that because NCCI, RCI, and MTC employed Defendant Blankenship and other unidentified defendants, they are liable under the doctrine of *respondeat superior*. (Doc. 1, at 3). However, an employer or supervisor may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell*, 436 U.S. at 691. Thus, Plaintiff's claims will not support an action under 42 U.S.C. § 1983.

Plaintiff also attempts to base federal question jurisdiction on 42 U.S.C. § 1981. (Doc. 1, at 1). This section prohibits racial discrimination in the making and enforcement of private contracts. 42 U.S.C.A. § 1981(a). However, this section does not apply to state actors. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989). Section 1983 provides the exclusive federal damages remedy for claims against a state actor accused of violating rights secured by § 1981. *Id.* at 735; *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012). Even assuming, *arguendo*, Plaintiff could bring this claim under § 1981, he fails to allege facts to suggest how this statute is applicable to the events described in his Complaint. Therefore, Plaintiff has failed to state a claim for relief under § 1981.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motions to Dismiss (Docs. 14, 18) are GRANTED and this action is dismissed pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER ORDERED that all remaining motions (Docs. 3, 4, 7, 10, 15, 19) are DENIED AS MOOT; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE